# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ROBERT ESQUIVEL-CABRERA,**

    **Petitioner,**

v.                                                                 **Case No.  8:06-CV-499-T-30TBM**
                                                                    **Crim. Case No. 8:03-CR-163-T-30TBM**

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) filed on March 21, 2006, and Memorandum in support (CV Dkt. #2) filed on March 21, 2006.  The Court has undertaken a preliminary review of the motion and Memorandum in support and the prior proceedings in the underlying criminal case[1] as required by Rule 4 of the Rules Governing §2255 Proceedings for the United States District Courts.  After doing so, the Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is entitled to no relief.  Consequently, the Court needs no response from Respondent.

---

[1] See case number 8:03-cr-163-T-30TBM.

**I.	Background.**

Petitioner, Roberto Esquivel-Cabrera (hereinafter referred to as "Esquivel-Cabrera" or "Petitioner") was indicted by a federal grand jury for the offense of being an alien of the United States who had previously been convicted of a felony, to wit: Second Degree Assault with a Sexual Motivation, Superior Court of Washington State, For King County, Case Number 91-02649-8, and was thereafter deported and removed from the United States on or about February 2, 2001, to Mexico, was found to be knowingly, and unlawfully in the United States, having not obtained the consent of the Attorney General of the United States, or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), (4), and 557) to re-apply for admission into the United States, all in violation of Title 8, United States Code, Section 1326(a)(2) and (b)(1).[2]

On July 15, 2003, a jury rendered a verdict of guilty against Petitioner. On November 7, 2003, the District Court entered a Judgment as to Esquivel-Cabrera.[3] The Court enhanced the Petitioner sixteen (16) levels pursuant to USSG §2L1.2(b)(1)(A)(ii) because the prior felony was a crime of violence, and sentenced Esquivel-Cabrera to 110 months, a term of supervised release of three years, a special assessment of $100 due on the date of sentencing, and waived the imposition of a fine. On November 10, 2003, Esquivel-Cabrera filed a Notice of Appeal to the Eleventh Circuit Court of Appeals as to the judgment and sentence

---

[2] See CR Dkt. #1.

[3] See CR Dkt. #30.

entered against him in this matter.[4]  On September 1, 2004, the Eleventh Circuit entered a Judgment affirming Esquivel-Cabrera's conviction and sentence.[5]  Esquivel-Cabrera did not challenge the Eleventh Circuit's Judgment and now seeks collateral relief under §2255.

**II.     Petitioner's Grounds for Relief**.

Petitioner raises two grounds in support of relief:

**Ground One:**     **The sentence imposed violated the Petitioner's Sixth Amendment Trial by Jury Guarantee.**

**Ground Two:**     **Ineffective assistance of counsel.**

**III.    Discussion.**

On June 24, 2004, the Supreme Court issued its decision in Blakely v. Washington, 542 U.S. 296 (2004).  On September 1, 2004, the Eleventh Circuit entered a Judgment affirming Petitioner's conviction and sentence.  Petitioner did not challenge the Eleventh Circuit's ruling, thus his judgment became final on December 30, 2004 (90 days after the entry of the Eleventh Circuit Court's opinion).[6]  On January 12, 2005, the Supreme Court issued it decision in United States v. Booker, 543 U.S. 220 (2005).  Petitioner's judgment became final before the Booker decision was issued.  But Booker is not retroactive to cases

---

[4] See CR Dkt. #31.

[5] See CR Dkt. #40.

[6] See Clay v. United States, 537 U.S. 522 (2003).

(like Petitioner's) that were final prior to the Booker decision. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 on March 21, 2006. A § §2255 motion must, however, be filed within one year of the date on which the conviction becomes final. See 28 U.S.C. § §2255 ¶ 6. His conviction became final on December 30, 2004. See Fed. R. App. P. 3(a) and 4(b)(1)(A); see also United States v. Rothseiden, 680 F.2d 96, 97 (11th Cir. 1982) (finding that the entry in the criminal docket of the judgment or order appealed from triggers the period for filing a notice of appeal). Thus, to be considered timely, his §2255 motion would have to have been filed on or before December 30, 2005. Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 on March 21, 2006, which is eighty-one (81) days after the limitations period expired. Therefore, Petitioner's motion is time-barred.

Further, Petitioner incorporates by reference a 35 page Memorandum of law containing facts material to his claims. Said Memorandum is not signed under penalty of perjury as required by Rule 2(b)(5) of the Rules Governing Section §2255 Proceedings in the United States District Courts. Therefore, Petitioner's motion could be stricken for failure to comply with the required Rules, but this issue is moot since the petition fails for other reasons.

In Ground Two, Petitioner claims that his court appointed counsel provided ineffective assistance of counsel because he "did not amend the pending appeal after the decision in Blakely even though Blakely was pending and decided during the direct appeal."

Although Petitioner's Memorandum of law in support of his motion to vacate is 35 pages long and lists 72 numbered paragraphs, that assertion is Petitioner's only specific complaint as to how he believes he was prejudiced by ineffective assistance of counsel.

### A. **Blakely** and **Booker** Do Not Apply To Enhancements Based On Prior Convictions.

Had the petition been timely filed with this Court, it would still have been denied because the law relied upon by Petitioner does not support his position. The ruling in Blakely does not apply to the Federal Sentencing Guidelines. See Blakely, 542 U.S. 296, 305 n.9. At the time it was issued, the Supreme Court's decision in Blakely only affected certain state sentencing guidelines. In Blakely, the Supreme Court revisited the rule in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt," Blakely at 301, (emphasis supplied). The Blakely court only considered whether the sentencing procedure followed by the courts in the State of Washington deprived Blakely of his "federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence." See id.

Although Blakely does not apply to the Federal Sentencing Guidelines, the Supreme Court held in United States v. Booker, 543 U.S. 220, 125 S. Court. 738 (2005), that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. Booker at 752-55. Thus, the Booker court held that "the Sixth Amendment

right to a trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F. 3d 1291, 1298 (11th Cir. 2005). But Booker is not retroactive to cases (like Petitioner's) that were final prior to the Booker decision. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

And, the holdings in Blakely and Booker do not apply to the use of prior convictions to enhance a defendant's sentence. United States v. Orduno-Mireles, 405 F.3d 960, 962 (11th Cir. 2005). In Almendarez-Torres, the Supreme Court held that 8 U.S.C. §1326(b)(2) is an enhancement to the crime described in 8 U.S.C. §1326(a), not a separate crime. Almendarez-Torres, 523 U.S. 224, 230-31 (1998). As the Eleventh Circuit has explained:

> Moreover, in Booker, the Supreme Court reaffirmed its holding in Apprendi. See Booker, 125 S. Court. At 756 (opinion of Stevens, J.) (reaffirming that "[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt" (emphasis added)). Thus, a district court does not err by relying on prior convictions to enhance a defendant's sentence. United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005).

The reason for the exception for prior convictions is clear: "a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees." Jones v. United States, 526 U.S. 227, 249 (1999). This reasoning also applies to a determination by the Court of the qualitative nature (whether it is a crime of

violence, for example) of a prior conviction. United States v. Greer, 435 F.3d 1327, 1335-36 (11th Cir. 2006).

### B. Failure to Amend Appellate Brief to add a Blakely or Booker Argument Does Not Constitute Ineffective Assistance of Counsel.

Petitioner has argued that his appellate counsel was ineffective because he "did not amend the pending appeal after the decision in Blakely even though Blakely was pending and decided during the direct appeal." As explained above, such arguments are not applicable to this case, because Petitioner's sentence was enhanced based on his prior felony conviction. It is not improper for a district court to rely on prior convictions to enhance a defendant's sentence. This conclusion was left undisturbed by Apprendi, Blakely, and Booker. Shelton, 400 F.3d 1325, 1329.

Under the circumstances of this case, had Petitioner's appellate counsel filed an amended appellate brief with the Eleventh Circuit or a petition for writ of certiorari to the United States Supreme Court based on a Blakely or Booker argument, it would have been a futile gesture. "It is not ineffective assistance of counsel to not make an obviously meritless argument." U.S. v. Roquemore, 934 F.Supp. 1391, 1395 (M.D. Ga. 1996).

### CONCLUSION

This Court finds that the motion is subject to dismissal pursuant to the one-year limitations period applicable to §2255 motions. See 28 U.S.C. §2255 ¶ 6. Because "it plainly appears from the face of the motion . . . and the prior proceedings in the case that the

movant is not entitled to relief," the motion is subject to summary dismissal. See Rule 4(b), Rules Governing Section §2255 Proceedings for the United States District Courts (2005).

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#46, in the underlying criminal case, case number 8:03-cr-163-T-30TBM.

**DONE** and **ORDERED** in Tampa, Florida on March 31, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2006\06-cv-499.vacate 2255.wpd